LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29557

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I



STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALBERT JESSE BURDETT, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-1441)

ORDER ON RECONSIDERATION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Albert Jesse Burdett (Burdett) appeals the Judgment, entered on December 23, 2008, by the Circuit Court of the First Circuit (circuit court).[1]

Burdett was convicted of Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2009) and Unlawful Use of Drug Paraphernalia, in violation of HRS § 329-43.5(a) (1993).

On March 9, 2010, this court entered a Summary Disposition Order, affirming the December 23, 2008 Judgment, entered by the circuit court on both counts, ruling that

> [t]here was credible evidence of "sufficient quality and probative value to enable a person of reasonable caution to support a conclusion" that Burdett knowingly possessed a dangerous drug in any amount. State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (quoting State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)) (brackets omitted).
>
> There was credible evidence of "sufficient quality and probative value to enable a person of reasonable caution to support a conclusion" that Burdett knowingly used drug paraphernalia to use cocaine. Id.

Judgment was entered on March 23, 2010 and an application for writ of certiorari was timely filed. On June 14, 2010, the Hawai'i Supreme Court issued an Order Accepting Application for Writ of Certiorari; Affirming the Judgment as to Count I; and Remanding to the Intermediate Court of Appeals (ICA)

---

[1] The Honorable Virginia L. Crandall presided.

as to Count II.  The supreme court vacated this court's judgment as to Count II and ordered this court to reconsider its decision as to Count II "inasmuch as [Hawaii Revised Statutes (HRS)] § 329-43.5(a) requires an <u>intentional</u> state of mind and the ICA held there was sufficient evidence of a <u>knowing</u> state of mind."

Upon careful review of the record and the arguments made in the briefs by the parties, we conclude that there was substantial evidence in support of Burdett's conviction for Unlawful Use of Drug Paraphernalia.

Honolulu Police Officer Tyler Maalo (Officer Maalo) testified that he initially observed Burdett squatting down with a group of people who were looking intently at what Burdett was holding in his hands.  Officer Maalo was in uniform.  He could see "something yellow" in Burdett's hands.  As Officer Maalo approached the group, a female in the group tapped Burdett's shoulder, said something to him, and pointed to Officer Maalo. Officer Maalo then observed Burdett rise and saw Burdett drop a yellow lighter and a glass pipe and heard both land on the concrete.  The pipe was later determined to contain cocaine.

Burdett argues that his testimony that his physical condition made it impossible to crouch down contradicted Officer Maalo's testimony and rendered the State's evidence insufficient. However, Burdett's argument is merely contesting the credibility of the State's witness and the jury apparently found Officer Maalo's testimony credible.  "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact."  <u>State v. Mattiello</u>, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citation, and brackets omitted; block quote format changed).

Taking the evidence, determined by the jury to be credible, in the light most favorable to the prosecution, we conclude that it was of "sufficient quality and probative value to enable a person of reasonable caution to support a

conclusion[,]" State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (internal quotation marks and citation omitted), that Burdett intentionally used or intended to use drug paraphernalia with the intent to use it to ingest, inhale or otherwise introduce a controlled substance into the human body. State v. Locquiao, 100 Hawai'i 195, 206, 58 P.3d 1242, 1253 (2002).

Therefore,

IT IS HEREBY ORDERED that the December 23, 2008 Judgment entered as to Count II by the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawai'i, July 26, 2010.

On the briefs:

Stuart N. Fujioka,
for Defendant-Appellant.

Presiding Judge

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge